65 N.J. Super. 458 (1961)
168 A.2d 47
MICHAEL SPILLIAS, PLAINTIFF-APPELLANT,
v.
JOSEPH RADICS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 14, 1961.
Decided February 20, 1961.
*459 Before Judges CONFORD, FREUND and KILKENNY.
Mr. George J. Shamy argued the cause for plaintiff-appellant (Messrs. Pincus, Shamy and Sheehan, attorneys).
Mr. Edward C. Hillis argued the cause for defendant-respondent (Messrs. Marley, Winkelried and Hillis, attorneys).
The opinion of the court was delivered by CONFORD, S.J.A.D.
Plaintiff sues defendant for negligence in the operation of an automobile alleged to have caused him personal injuries and property damage. Plaintiff was driving his car on a thoroughfare which terminated in a "T" intersection on College Farm Road near New Brunswick. He had turned left into the top of the "T" when his car was in collision with that of the defendant which was coming toward the intersection along the top of the "T" from plaintiff's left. Plaintiff's left turn was thus *460 across the path of defendant's prospective course of travel. There was a jury verdict of no cause for action.
Plaintiff raises but a single point of trial error on this appeal. This relates to the charge of the court to the jury concerning plaintiff's duty of care in relation to the defense of contributory negligence. Plaintiff cites the following language as objectionable:
"With reference to a left turn, involving, as it does, a movement across the path of other traffic, the risk of harm is ordinarily increased beyond that which exists when a car is proceeding along a direct course. Hence, with respect to a left turn, a reasonably prudent man would seek an opportune moment for the turn, and would exercise an increased amount of care in proportion to the increased danger.
Accordingly, the law provides that a person seeking to make a left turn has the duty to seek an opportune moment, and to exercise the degree of care in proportion to the increased danger involved in the turn."
The language in question is basically part of the charge in a U-turn situation recommended by the Supreme Court, in Ambrose v. Cyphers, 29 N.J. 138, 149, 150 (1959), as preferable to the customary charge that a driver making a U-turn, or a left turn at an intersection, is under a duty of great care and must seek an opportune moment to make such a turn. The entirety of the charge recommended in Ambrose was given here. Plaintiff argues that a left turn into a "T" intersection is not justifiably assimilable to the rule governing the situation of a U-turn or that of a left turn at an ordinary intersection where the driver is crossing a line of traffic coming from the opposite direction.
It is clear to us that the difference between a left turn at a "T" intersection and that at an ordinary intersection is only one of degree of increase of hazard, not one as to the kind of increase. There is an appreciable increase of hazard in either type of maneuver. See R.S. 39:4-126, as amended, which provides, in part, that no person shall "turn a vehicle from a direct course or move right or left upon a roadway * * * unless and until such movement *461 can be made with safety," cited in Ambrose v. Cyphers, supra (29 N.J., at p. 147).
The standard "high degree of care" rule was applied in an intersectional left-turn situation in Oliver v. Leonardo, 135 N.J.L. 210 (Sup. Ct. 1947). The relative courses of the two vehicles involved were the same there as here; and the court's statement that the party making the left turn was doing so "in the face of approaching traffic" was obviously in reference to traffic coming from his left, as in the case before us. The case is consequently authority against plaintiff's position.
We find nothing exceptionable in the charge here.
Judgment affirmed.