AUTO-OWNERS INSURANCE COMPANY, Plaintiff-Appellee, *v.* EDWARD PILCHER *et al.*, Defendants-Appellants.

Fifth District   No. 75-547

Opinion filed August 1, 1977.

Hanagan & Dousman, of Mt. Vernon, for appellants.

Jack E. Horsley and Richard F. Record, Jr., both of Craig & Craig, of Mattoon, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiff, Auto-Owners Insurance Company, brought suit for a declaratory judgment that a comprehensive liability policy issued to its insured, Roger Franklin, did not afford coverage to a third party, Ray Sharp, for personal injuries suffered by defendants, Edward and Janie Pilcher, when the car in which they were riding struck a horse owned by Franklin and ridden by Sharp. Judgment was entered for the plaintiff and the defendants appeal.

On appeal the defendants make two contentions. One, that Ray Sharp was a permissive user of the horse and is therefore by the terms of the policy and under the rule enunciated by our supreme court in *Maryland Casualty Co. v. Iowa National Mutual Insurance Co.*, 54 Ill. 2d 333, 297 N.E.2d 163, a covered person. Two, that the course of conduct followed by Auto-Owners establishes a waiver of their rights under the policy regardless of Sharp's status as a permissive or nonpermissive user.

The record shows that Franklin lived on a nearby farm but kept horses on his "old home place" farm and that his tenant Donald Sullens had permission to ride them in looking after the cattle which Franklin also kept on the farm. On October 7, 1973, one of the horses was involved in a collision on a rural bridge with a car occupied by Edward and Janie Pilcher. The horse was killed and the Pilchers were injured. The horse was

being ridden by Ray Sharp, identified in the record as a friend and sometime employee of Sullens and an acquaintance of Franklin.

The Pilchers filed a complaint against Sharp and Franklin in the circuit court of Clay County on August 22, 1974, alleging negligent entrustment and failure to direct the rider of the horse against Franklin and negligence against Sharp. Paragraph four of the complaint alleged that Sharp had actual or implied permission from Franklin to ride the horse at the time of the accident.

Auto-Owners Insurance Co., whose Farm-Pak policy, issued to Franklin, covered liability for injuries caused by animals used with the permission of the insured, filed a complaint for a declaratory judgment on April 11, 1975, in the circuit court of Coles County, Illinois. The complaint alleged that Sharp did not have permission from Franklin to ride the horse at the time of the accident and that the company therefore had no obligation to perform or discharge any of its covenants or agreements under the policy. Sharp did not appear in the circuit court of Coles County and an order of default was entered against him by that court on June 13, 1974. Upon motion of the Pilchers the venue of the action was transferred to Clay County pursuant to section 8 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 8). On October 8, 1975, judgment was entered in the circuit court of Clay County in which the court found that Sharp did not have permission from the insured, Roger Franklin, to use the horse on the date of the collision and that the insurance company was not obligated to perform its covenants or agreements under the policy. It is from this judgment that defendants bring this appeal.

Defendants urge that the court erred in entering judgment for plaintiff and that the rule of *Maryland Casualty Co. v. Iowa National Mutual Insurance* is applicable here and compels a judgment in their favor. In *Maryland Casualty* our supreme court adopted the rule that once permission to use a conveyance has been given by an insured party to a first permittee that permittee has power to extend permission for use of the conveyance to others who are then also covered under the policy, " ' * * * barring theft or the like.' " 54 Ill. 2d 333, 342.

There have been three appellate court decisions dealing with the question of coverage for a subsequent permittee since the *Maryland Casualty* decision. In *United States Fire Insurance Co. v. Kendle*, 23 Ill. App. 3d 531, 318 N.E.2d 644, the court, following *Maryland Casualty*, held that where the conveyance was being driven at the time of an accident by one who did not have permission from either the owner or the original permittee the insurance company would be relieved of coverage. The case was remanded to the trial court for a finding on the question of permission to the successive user.

The case of *United States Fidelity and Guaranty Co. v. McManus*, 32

Ill. App. 3d 370, 336 N.E.2d 252, in its stated reliance upon the *Maryland Casualty* decision, held that once a car owner has given permission to a first permittee to use the vehicle that the insurance company is obligated to provide coverage for any subsequent user except a thief. Although the court does not specifically dispense with the necessity for permission running from the first permittee to subsequent users this conclusion appears to be implicit in their reasoning.

In *Western States Mutual Insurance Co. v. Verucchi*, 38 Ill. App. 3d 266, 347 N.E.2d 63, the Third District declined to follow *McManus* and held that where a subsequent user of a conveyance does not have either constructive or actual permission of the owner or the original permittee the insurance company is relieved of coverage. The court said, "In *McManus*, the reviewing court virtually rewrote the insurance contract, thereby invoking strict liability in the guise of public 'policy. In the absence of a directive from the Illinois Supreme Court or from the State Legislature, we are of the opinion that we may not ignore the language of a contract in order to impose liability on an insurer for a loss not contemplated by the parties to that contract."

However, the controversy between the appellate districts, and the issue in this case, has been decided by the Illinois Supreme Court. Leave to appeal was granted in the *McManus* case, and in an opinion affirming the appellate court, 64 Ill. 2d 239, 243, 356 N.E.2d 78, the court stated:

"We see no difference in principle between a situation where the first permittee exceeds the scope of his authority, as in *Maryland Casualty*, and the present situation where the first permittee has allegedly failed to grant permission to the operator of the vehicle. Adoption of the plaintiff's position would represent a departure from the broad 'initial permission' rule adopted in *Maryland Casualty*, and it would propel the courts into further prolonged collateral inquiries of the sort which that decision sought to eliminate. We adhere to the view expressed in *Maryland Casualty* that where an insurer elects to include in its policy a broad provision extending liability coverage to persons operating or using a car with the permission of the owner, a further grant of permission from the initial permittee need not be shown in order to invoke the coverage."

We deem this case controlling of the issues here. It is of no consequence that the original permissive use was of a horse and not a motor vehicle. The position of the parties and the principles involved are the same.

Reversed.

EBERSPACHER and KARNS, JJ., concur.