ANN ZEC, PLAINTIFF-APPELLANT, v. ELIZABETH E. THOMPSON, DEFENDANT-RESPONDENT, EUGENE J. ZEC, DEFENDANT, AND MARIE A. ZEC, NOW MARIE A. PRICE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 17, 1979—Decided February 6, 1979.

Before Judges KOLE and MILMED.

*Mr. John R. Gercke* argued the cause for appellants (*Messrs. Schuenemann & Gercke,* attorneys; *Mr. Gercke,* on the brief).

*Mr. F. Herbert Owens, III,* argued the cause for respondent (*Messrs. Montano, Summers, Mullen & Manuel,* attorneys; *Mr. Owens,* on the brief).

PER CURIAM. In this automobile negligence action a jury found defendant Marie A. Zec, now Marie A. Price, negligent and defendant Elizabeth E. Thompson free of negligence. By separate motions, plaintiff and defendant Marie A. Zec (now Price) sought a new trial. Both motions were denied. Plaintiff and Mrs. Price jointly appeal. They seek a reversal

and a new trial. They argue that the trial judge's instruction to the jury on the standard of care required of defendant Thompson immediately before the collision between her car and the car driven by Mrs. Price was "clear error and obviously prejudicial" to them. We agree.

The two-car collision occurred in the intersection of Evergreen Avenue and Cooper Street in Woodbury. At the trial defendant Thompson testified on direct examination that she was driving her car southbound on Evergreen Avenue intending "to make a left-hand turn" into Cooper Street; that she "was in the inner lane bearing for a left-hand turn" and that when the traffic light at the intersection turned green "and maybe three cars passed," she "tried to negotiate [her] left-hand turn." She stated:

> The light had been green and I saw one car approaching slowly on the side of Hendrickson's Park, that is on Evergreen, and I thought I had time to negotiate the turn, and the car increased — the approaching car [traveling north on Evergreen Avenue] increased its speed, and I stopped my car, and that is when the impact happened.

It is clear from her testimony on cross-examination that when the collision occurred she had already begun to make a left-hand turn and had moved a part of her car into the northbound lane. She stated that she "had left the white line and tried to make the turn," but "stopped immediately" when she saw she couldn't. She testified:

> Q. Were you in the north bound lane when you stopped?
> A. I had only turned slightly from the direction I was going.
> Q. The front of your car was in the northbound lane when you stopped?
> A. A very small part of it; yes.
> Q. Just the left side of your car would be in the northbound lane?
> A. That's right.

In his instructions to the jury the trial judge stated in part:

With respect to a left-hand turn involving, as it does, a movement across path of other traffic, the risk of harm is ordinarily increased beyond that which exists when a car is proceeding along a direct course. Hence, with respect to a left-hand turn, a reasonably prudent person would seek an opportune moment for the turn and would exercise an increased amount of care in proportion to the increased danger. Accordingly, the law provides that a person seeking to do so, has the duty to seek an opportune moment and to exercise a greater degree of care in proportion to the increased danger involved in the turn. So, it is for you to determine whether a reasonably prudent person charged with that duty would under the circumstances of the case here presented, have made the turn when and in the manner in which the defendant here did. *On the other hand, if you believe that if defendant Thompson said that she was stopped and did not continue to make the left-hand turn, then you need not be concerned whether she did, because you may find that she acted as a reasonably prudent person would have done under the circumstances.* [Emphasis supplied]

■■ In light of defendant Thompson's own testimony as to how the collision occurred, it clearly appears that the trial judge's instruction to the jurors to, in essence, not hold her to the standard of care required of a driver making a left-hand turn if they believed her version of the happening, may very well have brought about a miscarriage of justice. *R.* 4:49–1(a); *R.* 2:10–1; *Dolson v. Anastasia,* 55 *N. J.* 2, 7 (1969). There is no question but that this defendant was seeking to make a left turn across the path of other traffic. In the circumstances, she had the duty to await an opportune moment for the turn and "exercise an increased amount of care in proportion to the increased danger" involved in the turn. *Ambrose v. Cyphers,* 29 *N. J.* 138, 150 (1959); *Greenfield v. Dusseault,* 60 *N. J. Super.* 436, 441 (App. Div.), aff'd 33 *N. J.* 78 (1960). The fact that she stopped her car in the intersection before completing the turn did not relieve her of the duty to exercise the increased amount of care required. The motions for a new trial should have been granted.

Reversed and remanded for a new trial.