182 N.J. Super. 300 (1982)
440 A.2d 1157
JANE A. IBBERSON, PLAINTIFF-RESPONDENT,
v.
ROBERT A. CLARK, DEFENDANT-RESPONDENT, AND ALBERT MOSER, JR., STATE OF NEW JERSEY, DEPARTMENT OF ENVIRONMENTAL PROTECTION (DIVISION OF MARINE SERVICES) AND INSURANCE COMPANY OF NORTH AMERICA, DEFENDANTS, AND AETNA CASUALTY & SURETY COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 30, 1981.
Decided January 8, 1982.
*301 Before Judges MILMED, JOELSON and GAULKIN.
*302 Glenn R. Gronlund argued the cause for appellant Aetna Casualty & Surety Company (Horn, Kaplan, Goldberg & Gorny, attorneys).
Paul R. D'Amato argued the cause for respondent Jane A. Ibberson (Hankin & D'Amato, attorneys).
John P. Montemurro argued the cause for respondent Robert A. Clark (Tomlin, Clark & Hopkin, attorneys; William R. Hopkin, Jr. on the brief).
James R. Zazzali, Attorney General, attorney for defendant State of New Jersey, filed a statement of nonparticipation (Thomas F. Marshall, Deputy Attorney General, on the statement).
No appearances were made on behalf of defendants Albert W. Moser, Jr. and Insurance Company of North America.
The opinion of the court was delivered by GAULKIN, J.A.D.
Plaintiff Jane A. Ibberson brought this action to recover damages for personal injuries sustained as a passenger in a motor boat owned by defendant Albert Moser, Jr. and operated by defendant Robert A. Clark which collided with a marker in Great Egg Harbor Bay on October 4, 1976. Plaintiff joined defendant Aetna Casualty & Surety Company (Aetna) seeking a declaratory judgment that Clark was insured under the liability provisions of a homeowner's policy issued by Aetna to Moser; Clark cross-claimed for the same relief. The coverage question was tried to a jury, but at the completion of the proofs the trial judge determined as a matter of law that coverage existed. This appeal was then filed, before any liability or damage questions were determined.
Although no objection has been raised by Clark or Moser, the notice of appeal is improper and ineffective, since the declaratory judgment did not dispose of all issues as to all parties. See Delbridge v. Jann Holding Co., 164 N.J. Super. 506, *303 509 (App.Div. 1978). Application should have been made for leave to appeal (R. 2:5-6; R. 2:2-3(b); R. 2:2-4), but the nature of the issues and the fact that they have been fully presented in briefs and argument justify our grant of leave to appeal nunc pro tunc, and we do so.
The declaratory judgment was entered upon the trial judge's determination as a matter of law that at the time of the accident Clark was operating the Moser motor boat with the permission of the owner and was therefore an insured under the following provision of the Aetna policy:
a. "Insured" means
........
(3) under coverage E  Personal Liability and Coverage F  Medical Payments to Others:
(a) with respect to animals or watercraft to which this insurance applies, owned by any Insured, any person or organization legally responsible therefor, except a person or organization using or having custody or possession of any such animal or watercraft in the course of his business or without the permission of the owner....
Aetna argues here, as it did in the trial court, that the testimony presented a jury question as to whether Clark was or was not operating the boat with the requisite "permission." We agree with the trial court that the record established permission as a matter of law.
It was undisputed at trial that in 1971 or 1972 Moser and Clark established an arrangement by which Clark, a boat mechanic, performed the necessary maintenance and repair of the boat owned by Moser. In return for those services Clark was authorized by Moser to use the boat for test runs and occasional fishing. That arrangement was suspended in 1974 but revived in 1975, at which time Moser had purchased a new boat. Again Clark did the necessary maintenance on the boat without charge except for parts. He was to assure that the boat would be ready for Moser's use on weekends and in return was permitted *304 to use the boat on weekdays. Clark had an ignition key for the boat from 1975 until it was sold in 1978.
Aetna's claim that Clark was operating the boat without permission on the date of the accident is based upon Moser's testimony that during the third weekend in September 1976 he told Clark that he wanted the boat taken out of the water for the winter by October 1. Clark did not do so, but instead used the boat on October 4. Aetna contends that this contravention of Moser's instructions deprived Clark of any permission he previously had.
We find, as did the trial judge, that even if the jury credited that testimony, the deviation by Clark from Moser's instructions would not establish that he operated the boat without the "permission" required by the policy. We regard the case to be controlled by the initial permission rule which is firmly fixed in our automobile insurance cases:
... if a person is given permission to use a motor vehicle in the first instance, any subsequent use short of theft or the like while it remains in his possession, though not within the contemplation of the parties, is a permissive use ..., [Matits v. Nationwide Mut. Ins. Co., 33 N.J. 488, 496-497 (1960)].
See, also, Small v. Schuncke, 42 N.J. 407, 413 (1964).
The initial permission rule has been found, in particular, to extend coverage to a driver whose use of an automobile was in violation of specific limitations which accompanied the grant of initial permission. See Odolecki v. Hartford Accident & Indem. Co., 55 N.J. 542 (1970). The factual setting here is no different. Indeed, Aetna acknowledges that the facts cannot be construed as showing a "theft" and relies solely on the "or the like" component of the exception to the initial permission rule articulated in Matits. But, as stated in Motor Club Fire & Cas. Co. v. N.J. Mfrs. Ins. Co., 73 N.J. 425, 438 (1977), cert. den. 434 U.S. 923, 98 S.Ct. 402, 54 L.Ed.2d 281 (1977), we think that phrase "contemplated conduct much more like traditional theft than the conduct here involved."
*305 We recognize that the initial permission rule represents in part our courts' recognition of the "legislative policy of assuring an available fund for the innocent victims of automobile accidents." Odolecki v. Hartford Accident & Indem. Co., supra, 55 N.J. at 546. We perceive no reason, however, why the policy and logic of the initial permission rule should not similarly apply here, and none has been suggested to us. See Auto-Owners Ins. Co. v. Pilcher, 51 Ill. App.3d 735, 9 Ill.Dec. 424, 366 N.E.2d 935 (App.Ct. 1977).
Aetna further contends that coverage was voided by the temporary replacement of the outboard motor described in the policy endorsement. The "Watercraft Endorsement" provided liability coverage for injury arising out of the ownership or use of a boat described as a 19-foot Aquasport powered by a 100-horsepower Johnson motor. During the latter part of September 1976 Clark replaced that motor with his own 125-horsepower Evinrude because of a problem with the circulating pump on the Johnson. The Evinrude was on the boat at the time of the accident.
Aetna concedes that the Evinrude motor was used only for a short term and solely as an emergency substitute. Moreover, Aetna does not contend that the additional 25-horsepower of the Evinrude represented any greater risk or warranted any enhanced premium. In light of the particular circumstances presented, we are entirely satisfied that the "watercraft" involved in the accident was substantially the same as that described in the endorsement. Cf. W.I. Anderson & Co. v. American Mut. Liab. Ins. Co., 211 N.C. 23, 188 S.E. 642 (Sup.Ct. 1936). Such an application of the policy language gives appropriate recognition to the reasonable expectations of the parties to the contract. See Last v. West American Ins. Co., 139 N.J. Super. 456, 460 (App.Div. 1976).
Affirmed.