186 N.J. Super. 359 (1982)
452 A.2d 702
JULIUS RUDY AND EVELYN RUDY, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
WILLIAM R. THOMPSON AND THE BOROUGH OF SOUTH PLAINFIELD, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted October 4, 1982.
Decided October 27, 1982.
*360 Before Judges MILMED, MORTON I. GREENBERG and FURMAN.
Michael H. Kessler, attorney for appellants.
Rubenson and Cross, attorneys for respondents (Eugene A. Cross of counsel and on the brief).
The opinion of the court was delivered by FURMAN, J.A.D.
*361 Plaintiffs appeal from a judgment of no cause for action, which was molded, N.J.S.A. 2A:15-5.2(c), after a jury verdict that plaintiff Julius Rudy was 60% negligent in proximately causing an accident between a motor vehicle driven by him and a motor vehicle driven by defendant Thompson.
Two conflicting versions of the facts were before the jury. Plaintiff was returning from work as a weatherman at Newark Airport sometime after midnight. According to plaintiff, he slowed approaching the intersection of Park and May Avenues in Plainfield, signalled a left turn, checked his rearview mirrors for traffic behind him, saw nothing, started to make a left turn into May Avenue and was struck by defendant Thompson on the left rear fender of his vehicle when more than halfway through the turn. He had observed rotating colored lights on a motor vehicle behind him but, as he proceeded on Park Avenue, "they disappeared or faded out." Defendant Thompson was driving a police patrol car.
According to defendants, defendant Thompson had activated both the rotating warning light on the top of the patrol car and the siren as he proceeded 50 to 75 feet back of plaintiff. He observed neither the turn signal nor brake signal on plaintiff's vehicle. He moved into the lane for traffic travelling in the opposite direction in order to pass plaintiff's vehicle. Plaintiff pulled to the left apparently to make a turn, directly in front of him. He was unable to avoid a crash.
Without objection, the trial judge charged the jury on the duty owed by plaintiff Rudy in making a left turn, as follows:
I don't think there's any dispute that Mr. Rudy was making a left hand turn.
Now, the law imposes an additional duty upon a driver who is  in addition to the general duty that each driver owes the other upon a highway, the law also imposes an additional duty upon a driver who is making a left hand turn.
And what is that duty? With regards to a left hand turn involving, as it does, a movement across the path of other traffic, the risk of harm is ordinarily increased beyond that which exists when a car is proceeding along a direct course. Hence, with respect to a left hand turn, a reasonable, prudent person would seek an opportune moment for the turn and would exercise an increased *362 amount of care in proportion to the increased danger. Accordingly, the law provides that a person seeking to do so has the duty to seek an opportune moment and to exercise a degree of care in proprotion to the increased danger involved in the turn.
It is for you to determine, therefore, whether a reasonable, prudent person charged with that duty would under the circumstances of the case here presented have made that turn when and in the manner in which the plaintiff Mr. Rudy did.
We are constrained to reverse and remand for a new trial because of error in the trial judge's charge on the duty owed by plaintiff in making a left turn. In our view, that charge was inapplicable, under either plaintiff's or defendants' version of the facts, and had a clear capacity to produce an unjust result prejudicial to plaintiff, R. 2:10-2.
The duty of care commensurate with the increased risk involved in making a left turn is a duty owed to drivers of oncoming vehicles travelling within the lane or lanes for travel in the opposite direction, Zec v. Thompson, 166 N.J. Super. 52, 55 (App.Div. 1979), and a duty owed to drivers of vehicles travelling within the lane or lanes for travel in the same direction, if in the course of making the left turn the driver must proceed across the roadway from the right hand-side, Greenfield v. Dusseault, 60 N.J. Super. 436, 441 (App.Div. 1960), aff'd o.b. 33 N.J. 78 (1960); Ambrose v. Cyphers, 29 N.J. 138, 150 (1959).
Defendant Thompson admittedly was travelling in the lane for travel in the opposite direction when plaintiff turned left in front of him. Thus, as a matter of law, plaintiff was not chargeable with a duty of greater care to defendant Thompson commensurate with the increased risk involved in a left turn. Because plaintiff started his left turn from the center of the roadway, there was no lane for travel in the same direction to his left and his duty of greater care extended only to drivers of oncoming vehicles in the lane for travel in the opposite direction.
If the jury accepted as credible plaintiff's version of the facts, his duty to defendant Thompson was limited to that of reasonable care to make observations of other traffic and to *363 avoid a collision under all the circumstances. Contrariwise, under defendants' version of the facts, the trial judge's charge on N.J.S.A. 39:4-91 and 39:4-92 was applicable, imposing on plaintiff the statutory requirements to yield the right of way, to pull to the right of the roadway and to stop upon an audible signal from an overtaking police vehicle, until that police vehicle had passed. Having been so charged the jury, in attributing 40% fault in the causation of the accident to defendant Thompson, must not have credited in its entirety defendants' version of the events immediately preceding the accident.
We need not pass upon other issues raised by plaintiffs on appeal, except to comment that testimony of a spontaneous statement immediately after the accident by Police Officer Sabia, who was driving another police patrol car in back of defendant Thompson's, should be admissible in evidence at a new trial under Evid.R. 63(4).
We reverse and remand for a new trial. We do not retain jurisdiction.