210 N.J. Super. 469 (1986)
510 A.2d 95
CHARLES J. MCGOWAN, PLAINTIFF,
v.
COLLEEN D. BARRY AND RICHARD R. BARRY, JR., DEFENDANTS-APPELLANTS, AND ARVIND H. PATEL, DEFENDANT-RESPONDENT.
ARVIND H. PATEL AND REKHA PATEL, PLAINTIFFS,
v.
COLLEEN D. BARRY AND RICHARD R. BARRY, JR., DEFENDANTS.
COLLEEN D. BARRY AND RICHARD R. BARRY, JR., PLAINTIFFS-APPELLANTS,
v.
ARVIND H. PATEL, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 6, 1986.
Decided May 23, 1986.
*471 Before Judges MICHELS and STERN.
Richard C. Swarbrick argued the cause for appellants Colleen D. Barry and Richard R. Barry, Jr.
Peter H. Spaeth argued the cause for respondent Arvind H. Patel (Wolff, Helies & Duggan, attorneys, Peter H. Spaeth, of counsel and on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Following a trial as to liability in three consolidated automobile negligence cases, the jury found: (1) plaintiff Colleen D. Barry (Barry) to be 55% negligent and defendant Arvind H. Patel (Patel) to be 45% negligent; and (2) their respective negligence was the proximate cause of the subject motor vehicle accident. Thereafter, Barry and her father, Richard R. Barry, Jr. moved alternatively for either a new trial, a judgment notwithstanding the verdict or a molded verdict that Barry and Patel were each 50% negligent. These motions were denied by the trial court and this appeal followed.[1]
*472 On appeal Barry seeks a reversal of this order and urges this court either to mold the jury verdict, to provide that both she and Patel were 50% negligent, or alternatively, to grant her a new trial as to liability.[2] We are satisfied from our study of the record, in light of the arguments presented, that: (1) the evidence in support of the jury verdict, with respect to liability, was not insufficient; (2) the determination of the trial court on the alternative motions for either a new trial, a judgment notwithstanding the verdict or a molded verdict were properly denied and this action does not constitute a manifest denial of justice; and (3) all of the issues of law raised are clearly without merit. R. 2:11-3(e)(1)(B), (C) and (E). Accordingly, the order under review is affirmed substantially for the reasons expressed by Judge Figarotta in his oral opinion of May 24, 1985.
Contrary to Barry's claim, the trial court properly instructed the jury with respect to her duty in making a left-hand turn. The charge clearly was proper because the proofs showed that Barry had attempted to complete a left-hand turn from Stelton Road to Ethel Road, which resulted in the collision. Despite the fact that the only vehicle which she *473 observed was stopped to make a left turn from the opposite lane, Barry still had a duty to exercise reasonable care "under all the circumstances confronting [her] at [this] particular time." Ambrose v. Cyphers, 29 N.J. 138, 149 (1959).
The particular facts in this left-hand turn situation required that the charge be given. Specifically, the fact that Barry could not see to the passenger side of the van operated by Eldred A. More, provided ample reason for her to take special precautions under the particularly hazardous circumstances. See Ambrose v. Cyphers, supra, 29 N.J. at 144 (standard of care of reasonable person involves consideration of varied amounts of care in relation to amount of risk of harm involved). Cf. Zec v. Thompson, 166 N.J. Super. 52, 55 (App.Div. 1979) (driver not relieved of duty to exercise increased amount of care in making turn, even though proceeding in accordance with traffic light).
To the extent that the holding in Rudy v. Thompson, 186 N.J. Super. 359, 362 (App.Div. 1982), that a driver's "duty of greater care extend[s] only to drivers of oncoming vehicles in the lane for travel in the opposite direction," can be read as reaching a contrary conclusion, we disagree with it. In our view, the Rudy court failed to consider this court's decision in Spillias v. Radics, 65 N.J. Super. 458, 460-461 (App.Div. 1961), which recognized that a duty of care was also owed, by a driver who had turned left at the top of a "T" intersection, to drivers coming from the left. It is, therefore, clear that, as charged by the trial court in this matter, "a motorist is required to make such observations for traffic and vehicles, which are or may come into his path of travel, as a reasonably prudent person would make." See Greenfield v. Dusseault, 60 N.J. Super. 436, 441 (App.Div. 1960), aff'd o.b., 33 N.J. 78 (1960) (driver turning left must yield to such other drivers "as can reasonably be expected to come into proximity to the space [s]he must occupy in the course of the maneuver."). Such observations are not *474 limited to those vehicles coming in a directly opposite lane of traffic.
Since Barry could not see to the passenger side of the More van and the roadway was wide enough to accommodate the width of two vehicles, it was foreseeable that an unobserved automobile could pass the More van on its passenger side. Accordingly, the trial court was correct in instructing the jury to consider whether, "under all the circumstances," Barry "exercise[d] a degree of care in proportion to the increased danger involved in the turn." Therefore, it properly charged:
It is for you to determine whether a reasonably prudent person charged with that duty would, under the circumstances of the case presented here, have made the turn when and in the manner in which it is alleged to have occurred.
Furthermore, at the close of the proofs, Barry's trial counsel specifically requested that the trial court charge the jury with respect to three motor vehicle statutes, N.J.S.A. 39:4-85, N.J.S.A. 39:4-90 and N.J.S.A. 39:4-98. The trial court complied with this request. In pertinent part, N.J.S.A. 39:4-90 sets forth the following provisions, which were read to the jury with respect to the care required by drivers making left-hand turns:

The driver of a vehicle within an intersection intending to turn to the left shall yield to a vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but the driver having so yielded, and having given a signal when and as required by law, may make the left turn; and other vehicles approaching the intersection from the opposite direction shall yield to the driver making the left turn. [N.J.S.A. 39:4-90 (Emphasis supplied)].
Moreover, in considering the propriety of any jury instruction, the charge must be considered as a whole. Stackenwalt v. Washburn, 42 N.J. 15, 26 (1964); Ardis v. Reed, 86 N.J. Super. 323, 333 (App.Div. 1965), aff'd o.b., 46 N.J. 1 (1965). Accordingly, when a charge, as a whole, "presents the law fairly and clearly to the jury, there is no ground for reversing the judgment...." Ardis v. Reed, supra, 86 N.J. Super. at 333.
*475 Such is the situation here, where the charge, in its entirety, properly focused the jury on the basic principles of proof in a negligence cause of action involving a left-hand turn collision. In particular, the previously discussed left-hand turn charge served to further instruct the jury on the principles of law to be applied. Furthermore, after charging N.J.S.A. 39:4-90 and the two other requested statutory provisions, the trial court noted:
The fact that you should find a person hasn't observed these standards and traffic regulations does not, in and of itself, mean that the person is necessarily negligent.
In other words, a violation of a provision of the traffic act is not negligence, in itself, although it may be considered as such by you, but as a circumstance to be considered by you in determining from all the facts and circumstances whether the acts of the drivers were those of a careful and prudent person under all the circumstances and conditions that existed at the time.
If any error was, in fact, made in the charging of N.J.S.A. 39:4-90, this instruction certainly would have served to obliterate its effect and any prejudice flowing therefrom.
Finally, we would point out that Barry's challenge to the propriety of the trial court's left-hand charge comes despite her specific request that the left-hand turn statute, N.J.S.A. 39:4-90, be charged to the jury and her trial counsel's failure to object to either the trial court's charging of N.J.S.A. 39:4-90 or its instructing the jury generally concerning the left-hand turn. In this regard, when inquiry was made by the trial court, at the conclusion of the charge, as to whether counsel for any of the parties had any objections, Barry's trial counsel expressly stated, "None, Your Honor." Under these circumstances, Barry's challenge to the propriety of the jury instructions, for the first time on appeal, comes too late. Thus, we find no error, let alone plain error, with respect to the challenge to the jury charge as it related to her duty when making a left-hand turn.
Affirmed.
NOTES
[1] The notice of appeal was filed on behalf of plaintiffs Colleen D. Barry and Richard R. Barry, Jr. However, the transcript of the April 25, 1985 trial proceedings reveals that, at the conclusion of the proofs on liability, the trial court granted the motion of Richard R. Barry, Jr. for a judgment of dismissal. At oral argument, plaintiffs-appellants' counsel advised that the appeal was being abandoned with respect to Richard R. Barry, Jr.
[2] We also are constrained to point out that the order from which the appeal was taken was not a final judgment. It was not final as to all parties and as to all issues in these three consolidated cases, since the issue of damages still remains to be determined by the trial court. See Hudson v. Hudson, 36 N.J. 549, 552-553 (1962); Nicholas v. Sugar Lo Co., 192 N.J. Super. 444, 450 (App. Div. 1983), certif. den., 96 N.J. 284 (1984); Florio v. Galanakis, 107 N.J. Super. 1, 4-5 (App.Div. 1969). Clearly, the order under review here is interlocutory and, accordingly, it was not appealable as a matter of right. See R. 2:2-3(a)(1). Application should have been made to this court for leave to appeal from this order. R. 2:5-6(a); R. 2:2-3(b); R. 2:2-4; Delbridge v. Jann Holding Co., 164 N.J. Super. 506, 509 (App.Div. 1978). In the absence of leave to appeal having been granted, counsel for respondent Arvind H. Patel should have promptly moved to dismiss this appeal. However, at this late stage and in the interest of the prompt disposition of the liability issues raised herein, we hereby grant the necessary leave to appeal nunc pro tunc. See Yuhas v. Mudge, 129 N.J. Super. 207, 209 (App.Div. 1974). See also Ibberson v. Clark, 182 N.J. Super. 300, 302-303 (App.Div. 1982).