723 A.2d 1004

SAMIR FATTOHI AND NAHLA FATTOHI, HIS WIFE,
PLAINTIFFS–APPELLANTS, v. HELEN E.
CARDNER, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 9, 1999—Decided February 22, 1999.

Before Judges KEEFE and COBURN.

*William D. Levinson,* argued the cause for appellants (*William D. Levinson & Associates,* attorneys; *Mr. Levinson,* on the brief).

*Karen M. Cassidy,* argued the cause for respondent (*Connell, Foley & Geiser,* attorneys; *Ms. Cassidy,* of counsel and on the brief).

The opinion of the court was delivered by

COBURN, J.A.D.

In this automobile negligence action, a jury found both drivers to be at fault, assessing defendant's responsibility at 49% and plaintiff's at 51%. Accordingly, the trial judge entered judgment for defendant. Plaintiffs moved for a new trial based on the failure of the judge to incorporate *N.J.S.A.* 39:4–123(b) into the jury charge. After the motion was denied, plaintiffs filed this appeal. Although plaintiffs raised other issues in their motion,

which are again advanced here, we will limit our discussion to the charging error since it requires the only relief plaintiffs seek: reversal of the judgment and a new trial.

The accident happened in the morning of February 23, 1995, at the intersection of Route 130, a four-lane highway divided by a grass median, and Stults Road. Plaintiff Samir Fattohi was driving south on Route 130 in the right-hand lane. He testified that his vehicle was traveling at fifty miles per hour, five miles less than the speed limit. Defendant Helen E. Cardner was driving west on Stults Road, a two-way roadway, intending to make a left-hand turn so that she also could proceed south on Route 130. She said that when she reached the middle of the intersection she stopped and determined that Fattohi's car was far enough away to permit her to safely finish making the left turn. Then, instead of turning into the left lane of Route 130, she turned into the right lane. According to Fattohi, he first noticed Cardner's vehicle from a distance of approximately thirty feet when it appeared in the right lane in front of his car. Although he tried to avoid her, the front left of his car struck the right rear of her car.

At plaintiffs' request, the judge instructed the jury to consider in determining negligence the standard of conduct set forth in *N.J.S.A.* 39:4–90, which, in pertinent part, reads as follows:

> The driver of a vehicle within an intersection intending to turn to the left shall yield to a vehicle approaching from the *opposite direction* which is within the intersection or so close thereto as to constitute an immediate hazard, but the driver having so yielded, and having given a signal when and as required by law, may make the left turn; and *other vehicles approaching the intersection from the opposite direction shall yield to the driver making the left turn.*

[(Emphasis added.)]

We pause to note that read literally this statute is inapplicable to the instant case because the vehicles were not approaching each other from "opposite direction[s]." *See Rudy v. Thompson,* 186 *N.J.Super.* 359, 362, 452 *A.*2d 702 (App.Div.1982). However, in *McGowan v. Barry,* 210 *N.J.Super.* 469, 510 *A.*2d 95 (App.Div.1986), the court disagreed with *Rudy* and held, in es-

sence, that the observations required of a driver by *N.J.S.A.* 39:4–90 "are not limited to those vehicles coming in a directly opposite lane of traffic." *Id.* at 473–74, 510 *A.*2d 95. We agree with *McGowan. See also Spillias v. Radics,* 65 *N.J.Super.* 458, 460–61, 168 *A.*2d 47 (App.Div.1961); *Greenfield v. Dusseault,* 60 *N.J.Super.* 436, 441, 159 *A.*2d 433 (App.Div.), *aff'd o.b.,* 33 *N.J.* 78, 161 *A.*2d 475 (1960).

In this case, the judge simply read the statute, which may well have confused the jury since the vehicles did not approach each other from opposing directions. Furthermore, the judge failed to provide the jury with the more generalized left-hand turn charge set forth in Model Jury Charge (Civil) § 5.20C.[1]

It is within this context that we consider plaintiffs' contention that the trial judge committed plain error in failing to charge *N.J.S.A.* 39:4–123(b), which establishes an additional standard of conduct for drivers making a left-hand turn:

---

[1] The model charge reads as follows:

The law imposes upon the driver of a motor vehicle the duty to exercise the care that a reasonably prudent person would use under all the circumstances confronting him/her at the particular time in question. Failure to exercise such care constitutes negligence.

Obviously the risk of harm will vary with the circumstances. In some settings that risk is greater than in others, and, when this is so, a reasonably prudent person will exercise a greater amount of care in proportion to the increased risk.

With respect to a left-hand turn, involving as it does a movement across the path of other traffic, the risk of harm is ordinarily increased beyond that which exists when a motor vehicle is proceeding along a direct course. Hence, with respect to a left turn, a reasonably prudent person would seek an opportune moment for the turn and would exercise an increased amount of care in proportion to the increased danger.

Accordingly, the law provides that a person seeking to do so has the duty to seek an opportune moment and to exercise a degree of care in proportion to the increased danger involved in the turn. Therefore, it is for you to determine whether a reasonably prudent person charged with that duty would, under the circumstances of this case, have made the turn when and in the manner in which the defendant (plaintiff) here did.

Except as otherwise provided in this article, the driver of a vehicle intending to turn at an intersection shall do so as follows:

. . . .

(b) Left turns on two-way roadways. At any intersection where traffic is permitted to move in both directions on each roadway entering the intersection, an approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and by passing to the right of such center line where it enters the intersection and *after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered.* Whenever practicable the left turn shall be made in that portion of the intersection to the left of the center of the intersection.

[(Emphasis added.)]

This somewhat convoluted language is clarified by a drawing immediately following the wording of the statute, which demonstrates that defendant Cardner was obliged to turn her car into the left lane of Route 130. Had she followed that course, and had plaintiffs' vehicle remained in the right hand lane, in all likelihood this accident would not have happened. Thus, defendant's failure to comply with this standard of conduct was of great significance to the outcome of the case.

Aware of defendant's responsibility, the jury might have found her entirely at fault and probably would have determined that even if the other driver was partially to blame, his comparative fault was substantially less than defendant's. The failure to charge this statute was aggravated by the reading of *N.J.S.A.* 39:4–90, in particular its last phrase, which provides that "other vehicles approaching the intersection . . . shall yield to the driver making the left turn." Had plaintiffs' vehicle been proceeding in the left lane of Route 130, the phrase might well be applicable. But since their vehicle was in the right lane, and since the driver had a right to assume that defendant would comply with *N.J.S.A.* 39:4–123(b), the need to yield was diminished.

In *Ewing v. Burke,* 316 *N.J.Super.* 287, 720 *A.2d* 376 (App.Div. 1998), the court discussed the principles governing a plain error review arising from a trial court's failure to charge an applicable Motor Vehicle Code statute:

Ordinarily, the failure to object to jury instructions when given constitutes a waiver of the right to challenge the instruction on appeal. *See R.* 1:7–2; *State v. Chew,* 150 *N.J.* 30, 82, 695 *A.*2d 1301 (1997). An Appellate Court may reverse only if it finds plain error. *State'v. Chew, supra,* 150 *N.J.* at 82, 695 *A.*2d 1301; *R.* 2:10–2. In fact, the waiver provisions of *R.* 1:7–2 are expressly made subject to *R.* 2:10–2. A reviewing court must evaluate the charge in its entirety to determine if, as a whole, it adequately presents the law and does not tend to confuse or mislead the jury. *Conklin v. Hannoch Weisman,* 145 *N.J.* 395, 409, 678 *A.*2d 1060 (1996). If the charge has the tendency to confuse or mislead the jury, there should be a reversal. *Ibid.* The absence of an objection to the charge may suggest that trial counsel perceived no error or prejudice and, in any event, prevented the trial judge from remedying any possible confusion in a timely fashion. *See State v. Wilbely,* 63 *N.J.* 420, 422, 307 *A.*2d 608 (1973); *State v. Macon,* 57 *N.J.* 325, 337, 273 *A.*2d 1 (1971); *Bradford v. Kupper Associates,* 283 *N.J.Super.* 556, 573–74, 662 *A.*2d 1004 (App.Div.1995), *certif. denied,* 144 *N.J.* 586, 677 *A.*2d 759 (1996). Nevertheless an improper jury instruction is a poor candidate for application of the harmless error rule, and a charge which misleads a jury will require a reversal and a new trial. *Vallejo By Morales v. Rahway Police Dept.,* 292 *N.J.Super.* 333, 342, 678 *A.*2d 1135 (App.Div.), *certif. denied,* 147 *N.J.* 262, 686 *A.*2d 763 (1996).

[*Id.* at 293, 720 *A.*2d 376.]

The *Ewing* court reversed the judgment and remanded for a new trial because it was satisfied that "the failure to charge the statute unquestionably had the clear capacity to produce an unjust result." *Id.* at 294, 720 *A.*2d 376. We reach the same conclusion in this case for the reasons stated above.

Reversed and remanded for a new trial.