Hillsborough,
No. 5104.

### Jean Lariviere

*v.*

### New Hampshire Fire Insurance Company.

Argued May 7, 1963.
Decided July 30, 1963.

74

*Nelson, Winer & Lynch* (*Mr. George F. Nelson* orally), for the plaintiff.

*Devine, Millimet, McDonough, Stahl & Branch* (*Mr. Bartram C. Branch* orally), for the defendant.

KENISON, C.J.　In recent years marine insurance has moved inland to give us what is known as inland marine insurance. 11

Couch on Insurance (2d 1963) *s.* 42.149; Aherne, Some Generalities on Marine and Inland Marine Covers, 30 Ins. Counsel J. 72, 82 (1963). Transportation insurance is one form of inland marine insurance. 11 Couch on Insurance (2d 1963) *ss.* 42.155 and 42.156; Rodda, Inland Marine and Transportation Insurance (2d *ed.* 1958) *pp.* 130-132; 1 Richards on Insurance (5th *ed.*) *s.* 19 (1962 supp.). The "transportation trip policy" with its endorsement covered damage to the house by fire "while in transit." It is clear from the agreed statement of facts that the house was damaged by fire. The crucial question is whether the damage to the house occurred "while in transit" within the meaning of the insurance policy. Annot. 80 A.L.R. 2d 445.

Property is considered in transit when it is moving from one location to another. This does not exclude temporary stops, incidental delays, or some deviation from the planned route of travel. 5 Appleman, Insurance Law and Practice, *s.* 3183 (1963 supp.). However when the property to be transported has reached its destination it is generally no longer considered in transit. *Koshland* v. *Columbia Ins. Co.,* 237 Mass. 467; *Exchange Lemon Products Co.* v. *Home Insurance Co.,* 235 F. 2d 558 (9th Cir. 1956); *Williams* v. *Mannheim Ins. Co.,* 237 Mass. 477; *Dealers Dairy Products Co.* v. *Royal Ins. Co.,* 170 Ohio St. 337.

In the present case the fire damage occurred after the house had been lowered onto, and all its weight was upon, the foundation at its final destination. The carrying timbers had been removed and the holes left by their removal filled in, "thus completing the foundation walls except for a concrete pier between the garage door and the doorway." No further movement of the house was required or anticipated and all actual movement of the house itself was completed. It would require a considerable stretch of the English language either for a layman or lawyer to hold that this house was in transit at the time the fire occurred. *Neas* v. *Home Fire & Marine Ins. Co.,* 135 F. Supp. 205 (N. D. Texas 1955). While there is a paucity of authorities on this question the result that we reach that the defendant is not liable under its policy to the plaintiff is supported by such analogous cases as exist. Gallagher, Inland Marine Transportation Policy: "Transportation" and "In Transit" Construed, 27 Ins. Counsel J. 467, 469 (1960); Annot. 80 A.L.R. 2d 445.

The plaintiff's contention that his contract with the State became

part and parcel of the insurance policy coverage cannot be accepted. The policy described the route to be followed "from present location to new location, as per diagram on file with N. H. Hgwy. Comm. & identified with contract of moving let to Mr. Lariviere." This did not incorporate the plaintiff's contract with the State into the insurance contract. It was merely a means of identifying the route to be traveled on the diagram in the contract. Therefore the fact that there was additional work to be done on the house did not affect the defendant's liability. The policy that was procured was a transportation trip policy and liability ceased when the transportation had ended.

We find no basis on which to impose liability on the defendant to the plaintiff in any other clause or part of the insurance policy and its endorsement. 5 Appleman, Insurance Law and Practice, *s.* 3183, note 54.5 (1963 supplement). Wolf, In Transit–A Definition, 29 Brooklyn L. Rev. 218 (1963).

*Judgment for the defendant.*

All concurred.