125 N.J. Super. 287 (1973)
310 A.2d 510
BOONTON HANDBAG CO., INC., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
THE HOME INSURANCE COMPANY, A NEW YORK CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted September 24, 1973.
Decided October 15, 1973.
*288 Before Judges CONFORD, HANDLER and MEANOR.
Messrs. Dalto and Gran, attorneys for appellant (Mr. Howard Gran on the brief).
Messrs. Feuerstein, Sachs & Maitlin, attorneys for respondent (Mr. Leonard Rosenstein on the brief).
The opinion of the court was delivered by MEANOR, J.A.D.
In this coverage controversy the liability facts are undisputed. An employee of plaintiff drove plaintiff's truck to New York, picked up a load of handbags and returned to plaintiff's plant. He arrived after it was closed and was unable to unload. The locked truck was parked upon plaintiff's premises inside a yard protected by a locked gate. This occurred August 31, 1971. Either later that night or early the next morning, the truck and its contents were stolen.
Plaintiff held a truckmen's and motor carrier's policy issued by defendant. The provisions thereof pertinent here are:
Subject to the following terms and conditions this policy covers:

* * *
2. Lawful goods and merchandise the property of the Named Insured or sold by them and in due course of delivery, while loaded for shipment and in transit in or on vehicles described herein owned or operated by the Named Insured and while in his care, custody or control.
*289 The agreed issue is whether the goods were "in transit" at the time of the theft. In a written opinion the trial court held for defendant.
We find the policy to be unambiguous and affirm.
The general understanding of the phrase "in transit" is well expressed in Lariviere v. New Hampshire Fire Ins. Co., 105 N.H. 73, 193 A.2d 13 (Sup. Ct. 1963):
Property is considered in transit when it is moving from one location to another. This does not exclude temporary stops, incidental delays, or some deviation from the planned route of travel. [Citation omitted] However when the property to be transported has reached its destination it is generally no longer considered in transit. [193 A.2d at 15]
The goods here had arrived at their destination and were merely being stored prior to unloading. Transit had ceased. There are several cases illustrating application of the general rule under divergent fact patterns.
Whitehall Company, Ltd. v. New Hampshire Ins. Co., 281 N.E. 2d 234 (Mass. Sup. Jud. Ct. 1972), involved a shipment of whiskey in a trailer on a railroad flatcar. The trailer was unloaded and stored on the railroad's premises on December 2, 1965 and stolen from that location about December 17. The court held that the trailer was not in transit, saying that transit constitutes the course of movement from one place to another.
Den Gre Plastics Co., Inv. v. Travelers Indem. Co., 107 N.J. Super. 535 (Law Div. 1969), and Mayflower Dairy Products v. Fidelity-Phenix Fire Ins. Co., 170 Misc. 2, 9 N.Y.S.2d 892 (Sup. Ct. App. Term 1938), both involved goods loaded upon a truck at the insured's premises and awaiting delivery. In both cases, it was held that "transit" had not begun.
Plaintiff's citations of Home Ins. Co. v. F & F Clothing Co., 250 Md. 534, 243 A.2d 572 (Ct. App. 1968), and Ben Pulitzer Creations, Inc. v. Phoenix Ins. Co., 47 Misc.2d 801, 263 N.Y.S.2d 373 (N.Y. City Civ. Ct. 1965), are not of *290 aid. These cases involved overnight stops en route between point of origin and destination. It is well recognized that temporary stops  even overnight  minor deviations en route and the like do not take the goods out of transit under policies like the one involved here. 5 Appleman, Insurance Law and Practice, § 3181.25 at 576, 578-579 (1970). Annotation, "Construction of terms `in transit,' `transportation,' and the like, within coverage or exclusion clauses of insurance policy," 80 A.L.R. 2d 445, 450 (1961).
We recognize that insurance policies are to be construed so as to comport with the reasonable coverage expectations of the insured. Gerhardt v. Continental Ins. Cos., 48 N.J. 291, 296-297 (1966); Bryan Const. Co., Inc. v. Employers' Surplus Lines Ins. Co., 60 N.J. 375 (1972). Under the circumstances present here a reasonable insured would not look to an "in transit" policy for recompense for this loss, but rather would reasonably expect to be compensated under a policy insuring against loss by theft from premises. Thus, in the context here the policy is not ambiguous. We cannot rewrite the policy or create a better contract than that which the insured purchased. American Mercury Ins. Co. v. Bifulco, 74 N.J. Super. 191 (App. Div. 1962), aff'd o.b. 38 N.J. 530 (1962).
Affirmed.