139 N.J. Super. 456 (1976)
354 A.2d 364
RAYMOND A. LAST, PLAINTIFF-APPELLANT,
v.
WEST AMERICAN INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted December 15, 1975.
Decided February 24, 1976.
*458 Before Judges FRITZ, SEIDMAN and MILMED.
Messrs. Orbe and Nugent, attorneys for appellant.
Mr. Alan H. Bernstein, attorney for respondent.
The opinion of the court was delivered by SEIDMAN, J.A.D.
The issue involved in this case is whether a personal property fire loss sustained by plaintiff was excluded from a homeowner's insurance policy issued by defendant as "property carried or held as samples or for sale or for delivery after sale." Plaintiff brought suit to recover the amount of the loss after the insurance company rejected the claim; defendant filed an answer setting forth the exclusion as a defense, and both thereafter moved for summary judgment. After hearing argument the trial judge found that the exclusionary language in the policy was unambiguous and applicable to the facts presented, and judgment was entered in favor of defendant. Plaintiff appealed.
*459 Essentially, the facts are not in dispute. Plaintiff owned two rifles which he had acquired "as a huntsman, hobbyist and skeet shooter." Their total value, including the gun cases, was stated to be $1510. In July 1973 he delivered the rifles "on consignment" to Sportsmen's Development Corp., a distributor of arms, ammunition and shooters' supplies, for the express purpose of having them sold. Before a sale was effectuated the guns were destroyed by fire. The record before us does not reveal the date of the occurrence, but the proof of loss was furnished the insurance company on November 8, 1973. Plaintiff made no use of the rifles during this period.
The homeowner's policy issued by defendant, in effect at the time of the loss, covered unscheduled personal property, subject, however, to eight exclusions, the one pertinent here being "property carried or held as samples or for sale or for delivery after sale."
Plaintiff contends that he was entitled to a judgment as a matter of law. He argues that the clause in question has a business connotation which, when read in conjunction with the other terms in the provision, "has an overwhelming effect of being directed toward business property." His ownership and use of the guns, he urges, were unrelated to any business or profit-making endeavor, and their availability for sale was inherently in connection with his participation in his hobby or sport. He points to a prior instance when, after placing one of the guns for sale, he withdrew it from consignment to make personal use of it in skeet shooting. Plaintiff also asserts that the language of an insurance policy is to be interpreted liberally in favor of the insured and that the provisions in issue here are of sufficient latitude to allow an insured to draw the conclusion that personal property related to a business endeavor is not covered and that all other personal property is covered.
The position of the insurance company is that the terms of its policy are plain and unambiguous and excludes from coverage the loss here involved.
*460 There are no reported New Jersey cases construing similar exclusionary language and there is but a handful of cases on the subject elsewhere.
It is, of course, basic that insurance contracts are to be liberally construed in favor of the insured, and if the language of a policy will fairly support two meanings, an interpretation in support of coverage will be applied. Kievit v. Loyal Protective Life Ins. Co., 34 N.J. 475, 482 (1961); Corcoran v. Hartford Ins. Co., 132 N.J. Super. 234, 243 (App. Div. 1975); Boonton Handbag Co. v. Home Ins. Co., 125 N.J. Super. 287, 290 (App. Div. 1973). We also recognize that exclusionary clauses are to be given a strict interpretation. Butler v. Bonner & Barnewall, Inc., 56 N.J. 567, 576 (1970). Yet these rules of construction cannot be applied in disregard of exclusionary language the import and intent of which is clear. Westchester Fire Ins. Co. v. Continental Ins. Co., 126 N.J. Super. 29, 41 (App. Div. 1973), aff'd o.b. 65 N.J. 152 (1974). We will not rewrite a policy or create a better one than that which the insured purchased. Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 43 (1960); Boonton Handbag Co., supra, 125 N.J. Super. at 290.
The exclusion in question appears to have a plain meaning which is not subject to a "business" property limitation. It clearly relates broadly to unscheduled personal property held for sale (whether on or off the premises is immaterial). While in any given situation that which is held for sale may constitute business property, this does not mean that the exclusion relates solely to such property, particularly in view of the additional provision in the policy specifically excluding "business property away from the described premises." The fact that exclusions may overlap does not justify a conclusion that they deal with identical subject matter.
We are not persuaded by plaintiff's additional contention that the sale was incidental to his personal use of the rifles. *461 Their delivery on consignment to the distributor had no purpose other than their sale, and the rifles were in the possession of the consignee for more than three months from the time of delivery until their destruction by fire.
In American Motorist Ins. Co. v. Vermont, 115 Ga. App. 663, 665, 155 S.E.2d 675, 676 (Ct. App. 1967), an action was brought upon a homeowner's insurance policy to recover for the loss by theft of a large diamond ring owned by plaintiff and delivered to a jeweler for sale under a brokerage agreement. The policy in question, like the one here involved, covered unscheduled personal property, but expressly excluded "articles carried or held as samples or for sale." Theft was a peril insured against in the policy. In reversing a judgment entered below in favor of plaintiff, the court said:
If plaintiff was coincidentally trying to sell the diamond while utilizing it for its usual purpose of adornment, it would be an issue of fact whether the article was held for sale or primarily for another purpose. But where plaintiff was trying to sell the article and maintained no other purpose for it, it came within the exclusionary provision of the policy as a matter of law, irrespective of whether it was in any way related to plaintiff's usual occupation or business.
Plaintiff places reliance upon the case of Peters v. Preferred Risk Mut. Ins. Co., 20 Ohio Misc. 153, 251 N.E.2d 878 (Com. Pl. 1969). It is distinguishable. There plaintiff, a gun fancier, collected guns as a hobby. He would save money from his salary as a millwright, put it in his gun fund, and use the funds to build up his collection. From time to time he would sell some of his guns to raise money for the purchase of new guns, or he would trade them for others. Plaintiff suffered a loss to his collection by a burglary of his residence. His resultant claim under his homeowner's policy was refused by the insurer on the ground that the guns were "held as samples or for sale" and were excluded from the policy. The court found in favor of the plaintiff. It held that he was not in business and did not hold out the guns as items for sale in a business sense. It expressed the view *462 that "articles carried or held as samples or for sale" did not apply to collector's items "since all personal property of any policy holder is subject to sale." Although we do not agree entirely with the court's reasoning in Peters, we believe the result was sound since it is clear from the facts that the occasional sale or trade of one or more of the guns in the collection did not mean that they were "held for sale" so as to bring them within the exclusion. While the court seems to have stressed that the items were not "used in business or held for sale in the course of a business," a distinction which we believe was not justified by the language of the exclusion, we note that the policy did not contain a further exclusion relating to business property away from the premises, as was the case here.
That the item being held for sale need not relate to a business is indicated by the result reached in Gross v. Globe & Rutgers Fire Ins. Co., 142 Misc. 918, 256 N.Y.S. 570 (Sup. Ct. 1932). In that case the insured sought to recover under his insurance policy for the loss of a lady's diamond ring which he intended to sell because of a broken engagement. The court found in favor of the insurer, holding that the loss came within the exception in the policy excluding "merchandise for sale."
Singer v. Nat. Fire Ins. Co. of Hartford, 110 N.J. Super. 59 (Law Div. 1970), on which plaintiff also relies, is in-apposite.
The trial judge here correctly concluded, on the basis of the uncontroverted facts, that the guns in question were held for sale at the time of the loss and were consequently excluded by the clear and unambiguous language of the policy.
The judgment is affirmed.