260 N.J. Super. 148 (1992)
615 A.2d 654
EUGENE AMIDANO AND JOSEPHINE AMIDANO, PLAINTIFFS,
v.
KENNETH DONNELLY AND BARBARA DONNELLY, DEFENDANTS AND APPELLANTS/THIRD PARTY PLAINTIFFS,
v.
MERIDIAN TITLE INSURANCE CO. AND ARCHER LAWYERS' SERVICE, THIRD PARTY DEFENDANTS AND RESPONDENTS/THIRD PARTY DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 1, 1992.
Decided October 28, 1992.
*150 Before Judges BRODY, LANDAU and THOMAS[1].
Daniel W. Pariser argued the cause for appellants (Pariser & Grant, attorneys; Daniel W. Pariser on the brief).
Ben J. Slavitt argued the cause for respondent Meridian Title Insurance Co. (Slavitt, Fish & Cowen, attorneys; Ronald G. Schecter on the brief).
The opinion of the court was delivered by LANDAU, J.A.D.
*151 This is an appeal by defendants/third party plaintiffs Kenneth and Barbara Donnelly (the Donnellys) from summary judgment awarded to their title insurance company, third party defendant Meridian Title Insurance Company and a searching service, third party defendant Archer Lawyers' Service.
Plaintiffs Eugene and Joseph Amidano together own property in Washington Township which, as previously confirmed in the present case, has enjoyed the benefit of a recorded easement reserved by deed of an earlier common grantor named Ort[2] over certain non-contiguous lands purchased in 1986 by the Donnellys. The easement reserved to the original grantor "a perpetual right of ingress and egress unhindered, over the present roadway to and from other lands of grantors." The "other lands" embraced what was to become the Amidano property.
A recorded survey certified to the Donnellys in 1986 depicted an "Old Roadway (Dirt)" running across the property they were about to purchase. Immediately beneath the old roadway depicted on the survey are the words, "Right of way set forth in Book 2237 on Pg. 938 road formerly known as `Fisher Mine Road'." A "dirt driveway" is also shown on this survey, but is outside the periphery of the Donnelly property. Fisher Mine Road, it is undisputed, has been shown on Washington Township tax maps for over a century but has never been dedicated as a public right of way.
The chain of title to the Donnelly premises includes cross-deeds executed in December 1972 and recorded on Pages 938 and 943 of Deed Book 2237, pursuant to which two parcels were subdivided. Lot 43-1, which the Donnellys later acquired, was conveyed:
[t]ogether with the right and privilege of the grantors, their heirs and assigns, to use a right of way over an existing driveway as shown on survey of April, *152 1971 by Associated Consultants, as means of ingress and egress from lands retained by the respective grantors to Kings Highway, maintenance costs to be shared equally by the respective grantors, their heirs and assigns; and there shall be no widening or other major improvements of said driveway without the consent of the respective grantors, their heirs and assigns. (emphasis supplied).
This deed also reserves in the grantors a "perpetual right to park not more than two (2) automobiles in two (2) [20 feet X 10 feet] spaces" as shown on the referenced survey, which appears in the same Deed Book at Page 941. A "`[unintelligible]' right of way" following the course of Fisher Mine Road also appears on the Associated survey.
Following the metes and bounds description of the tract in the deed to the Donnellys, the premises are stated as:
Being the same lands described in Book 2237 of Deeds on Page 943.
Together with and subject to the right and privilege to use a right of way over an existing driveway as reserved in Deed Book 2237 page 934 [Lot 43] and in Deed Book 2237 page 941 [Associated Consultants survey].
When the Amidanos sought to enforce their easement in the Chancery Division, the Donnellys joined their title insurance carrier, Meridian Title Insurance Company ("Meridian") and Archer Lawyers' Service ("Archer") as third party defendants. The Amidano easement has since been recognized by a settlement which Meridian does not challenge.
This appeal is taken from an order of summary judgment in favor of both third party defendants dismissing the third party complaint, based upon the motion judge's interpretation of exceptions in the title policy. We reverse.
Meridian insured title following a title search performed at its behest by Archer. Among the risks specifically insured against "if they affect [the insured's] title on the policy date" were:
1. Someone else owns an interest in your title....
10. Someone else has an easement on your land....
14. Other defects, liens, or encumbrances.
Schedule B to the policy excepted from coverage:
1. Any facts about the land which a correct survey would disclose, and which are not shown by the public record....

*153 5. Easements as contained in Deed Book Z-39 Page 484 [utility easement] and Book 2237 Page 943 [mutual easement for "driveway"].
6. Restrictions as contained in Deed Book 2237 Page 943.
7. Rights in any stream, road or lane crossing premises.
Significantly, exception # 1 of Schedule B was deleted by a survey endorsement to the policy reading:
Based upon a survey made by Eldon D. Allen, Land Surveyor, dated July 30, 1986, the Company hereby insures against loss or damage which the insured shall sustain by reason of any encroachments, overlaps, boundary line disputes or easements except as follows: Survey shows (a) Pole line crossing the premises. (b) Stream crossing the premises. (c) Two parking spaces reserved for P. Pasini. (d) Dirt driveway crosses adjoining lands.

(emphasis supplied).
As Archer's search and property description were primarily for benefit of Meridian, the parties and the motion judge have properly focused on Meridian's contractual responsibility to the Donnellys under the title policy. See Walker Rogge, Inc. v. Chelsea Title & Guaranty Co., 116 N.J. 517, 535-36, 562 A.2d 208 (1989); N.J.S.A. 17:46B-9. However, our examination of the above enumerated title exceptions in light of the undisputed facts convinces us not only that Meridian failed to establish that its policy exceptions so clearly and unambiguously excluded the Amidano easement (see MacBean v. St. Paul Title Ins. Corp., 169 N.J. Super. 502, 509, 405 A.2d 405 (App.Div. 1979)) as to justify summary judgment for that insurance carrier, but that applicable principles of insurance law require that judgment should instead have been awarded to the Donnellys on their cross-motion.
The motion judge found from the policy survey and the submissions of the parties that Fisher Mine Road was tantamount to a right of way across the Donnelly property and an easement, and was therefore excepted from coverage. However, unlike Walker Rogge, Inc., supra 116 N.J. at 525, 562 A.2d 208, the "correct survey" exception was here deleted in favor of a specific survey endorsement. Quite simply, neither the above referenced exceptions numbered 5, 6 or 7 in Schedule B, nor the survey endorsement unambiguously removed the Amidano *154 easement, reserved under a deed recorded at Deed Book Z37, p. 340 (the Ort deed), from coverage.
Meridian also says that, although that easement was not expressly excepted, there were exceptions in the survey for a "dirt driveway" and for "rights in a road or lane." This argument, accepted by the motion judge, must be tested in the light of New Jersey authority respecting title insurance coverage.
Title policies, like other policies of insurance, are construed to give effect to the intention of the parties as manifested by the reasonable meaning of policy terms. See Sandler v. New Jersey Realty Title Ins. Co., 36 N.J. 471, 479, 178 A.2d 1 (1962); Feldman v. Urban Commercial, Inc., 87 N.J. Super. 391, 402, 209 A.2d 640 (App.Div. 1965). A policy of title insurance is a "contract of indemnity under which the insurer for a valuable consideration agrees to indemnify the insured in a specified amount against loss through defects of title to ... realty in which the insured has an interest." Sandler, supra, 36 N.J. at 478-79, 178 A.2d 1. See also N.J.S.A. 17:46B-1a, 17:46B-3. In recognition of the parties' unequal bargaining power and the title insurer's specialized expertise in its field, New Jersey courts have consistently treated such policies as contracts of adhesion. See Zuckerman v. National Union Fire Ins. Co., 100 N.J. 304, 320-321, 495 A.2d 395 (1985); Allen v. Metropolitan Life Ins. Co., 44 N.J. 294, 305, 208 A.2d 638 (1965). Accordingly, exceptions to coverage are construed strictly against the insurer. Ohio Casualty Ins. Co. v. Flanagin, 44 N.J. 504, 514, 210 A.2d 221 (1965). Notwithstanding this rule, the court will not write a better policy for the insured than he purchased. Last v. West American Ins. Co., 139 N.J. Super. 456, 460, 354 A.2d 364 (App.Div. 1976), cited with approval in, Walker Rogge, Inc., supra, 116 N.J. at 529, 562 A.2d 208.
The above general principles have culminated in the doctrine of reasonable expectations under which "courts will enforce only the restrictions and the terms in an insurance contract that *155 are consistent with the objectively reasonable expectations of the average insured." Meier v. New Jersey Life Ins. Co., 101 N.J. 597, 612, 503 A.2d 862 (1986). See also Di Orio v. New Jersey Mfrs. Ins. Co., 79 N.J. 257, 269-270, 398 A.2d 1274 (1979).
When members of the public purchase policies of insurance[,] they are entitled to the broad measure of protection necessary to fulfill their reasonable expectations. They should not be subjected to technical encumbrances or to hidden pitfalls and their policies should be construed liberally in their favor to the end that coverage is afforded "to the full extent that any fair interpretation will allow." Francis J., in Danek v. Hommer, 28 N.J. Super. 68, 76 [100 A.2d 198] (App.Div. 1953), affirmed 15 N.J. 573 [105 A.2d 677] (1954). [Kievit v. Loyal Protective Life Ins. Co., 34 N.J. 475, 482, 170 A.2d 22 (1961)].
The careful description of easements which Meridian excepted from coverage by reference to the recorded instruments creating them, justifies a reasonable policyholder conclusion that title was insured against easements other than those specific easements, although subject to the exceptions for encumbrances in other named categories. See Caravan Products Co., Inc. v. Ritchie, 55 N.J. 71, 74-75, 259 A.2d 223 (1969).
The Donnellys argue that had Meridian intended to except the recorded easement granted by the Ort deed, it should have listed it as "as contained in Deed Book Z37, page 340." We agree.
Under the terms of its insurance contract, Meridian assumed no duty to provide a reasonable title search. However,
[i]f the title company fails to conduct a reasonable title examination or, having conducted such an examination, fails to disclose the results to the insured, then it runs the risk of liability under the policy. [Walker Rogge, Inc., supra, 116 N.J. at 540, 562 A.2d 208.]
Here, Meridian knew or should have known from the Archer search it commissioned that there was an instrument creating an easement for ingress and egress in favor of the Ort successors to other lots within Block 43 over the course of what is shown on the survey and tax map as Fisher Mine Road. Nonetheless, having deleted survey exception number one in schedule B, and having failed specifically to except the Amidano *156 easement from coverage, Meridian must bear the risk of loss in the action to enforce the easement.
The other named exceptions cannot fairly or reasonably be deemed to have placed the Donnellys on notice that they were not insured against the risk of this particular encumbrance. See Enright v. Lubow, 202 N.J. Super. 58, 69, 493 A.2d 1288 (App.Div. 1985), certif. den., 104 N.J. 376, 517 A.2d 386 (1986). See also McDaniel v. Lawyers' Title Guaranty Fund, 327 So.2d 852, 855 (Fla. Dist. Ct. App. 1976).
The easement over the Fisher Mine Road course in favor of nonadjoining lots to the west of the Donnelly site, within what was once the Ort parcel, was of a fundamentally different nature than either the specifically enumerated reservation for mutual use of the same right of way by the two adjoining landowners or the utility easement.
As to the survey exception stating "[d]irt driveway crosses adjoining lands," this does not reasonably give notice of other self-insured risks beyond those expressly set forth. Meridian contends that this exception would be reasonably understood by the average insured as a reference to Fisher Mine Road, the only "driveway" on appellants' premises and the only driveway which passes onto adjoining lands. However, the Donnellys were alerted only to the specifically enumerated recorded easements and could reasonably have believed them to be the only excepted driveway uses in Schedule B.
"[T]itle guaranty companies, almost without exception, issue their policy of guarantee subject to conditions shown by a survey or if no survey is made, then subject to such condition as an accurate survey will disclose." Enright v. Lubow, supra, 202 N.J. Super. at 70-71, 493 A.2d 1288 (citing 13A N.J. Practice, Abstracts and Titles § 1701 at 194 (M. Liebermann) (3d ed. 1966)). The Supreme Court observed in Walker Rogge, Inc., supra:
From a search of relevant public records, a title company cannot ascertain the risks that an accurate survey would disclose. It is for this reason that the title *157 company puts the risk on the insured, who can control it either by obtaining a survey or arranging for elimination of the survey exception.
116 N.J. at 533-534, 562 A.2d 208.
In this case, however, the specific survey exception replaced the traditional general survey exception. The resulting insurance clause was ambiguous because it failed to make clear whether the insurer meant to remove from coverage the driveway easement granted in the Ort deed (not mentioned) or the limited easement in the deed which had been enumerated.
The doctrine of reasonable expectations militates against a finding that this title insurance policy excepted the easement benefitting the Amidanos and other landowners to the west who traced title to their common grantor, Ort. Appellants were unaware of that grant. On reading this exception, the insured reasonably could conclude that only the easement in Deed Book 2237, which was limited to occupants of Lots 43 and 43-1, was contemplated.
We recognize that Meridian also relies on the exception for "rights in any ... road or lane crossing premises" contained in Schedule B, but we note that the Amidanos' suit was brought to enforce their deeded easement rights, not rights in a public road or lane. The words "road" and "lane" are not synonymous with "easement." Whereas the right of use conferred by an easement rises to a property interest, the right to use a road or lane typically springs not from ownership or control of the right of way but from nothing more than mere openness to use. See Lee v. Travelers Ins. Co., 241 N.J. Super. 293, 296-297, 574 A.2d 1030 (L.Div. 1990). The distinguishing feature of a public and a private road is that one is "a way over which the public at large has a right to pass whereas a private road is one over which only a limited number of persons pass." Id. at 296, 574 A.2d 1030 (citing State v. Switchenko, 3 Conn.Cir. 511, 217 A.2d 484, 485 (1965)). The word "lane," as used here, appears to connote a smaller or narrower "road." See, Oxford American Dictionary 372 (1980). Moreover, use of the word "formerly" *158 to describe what is denominated on the survey as "Fisher Mine Road" (emphasis supplied) correctly connotes that the ancient road no longer exists as such because there has never been a dedication.
A title insurance policyholder would reasonably expect to find an exception for a right in the former road derived solely from easement to be listed in the exception for easements, and not in an exclusion for a former "road" or "lane" in which any easement founded rights appear to have been specifically set forth in the policy. In such a case the "road" or "dirt driveway" language merely served to show the location of the scheduled easement.
Meridian's policy did not adequately except the Amidano easement from the Donnelly policy, nor did Meridian properly disclose existence of that easement. Consistent with their objectively reasonable expectations, see Meier, supra, 101 N.J. at 612, 503 A.2d 862, and the doctrine of liberal construction against hidden insurance contract pitfalls, Kievit, supra, 34 N.J. at 482, 170 A.2d 22, the Donnellys are entitled to be covered by their title policy with Meridian. See also Salem Group v. Oliver, 128 N.J. 1, 4, 607 A.2d 138 (1992).
Our conclusion makes it unnecessary to consider the questionable argument that Meridian's previous provision of a defense in the Amidano action should govern our decision on its duty to indemnify.
We reverse the judgment for Meridian, and grant summary judgment on coverage to the Donnellys. The matter is remanded for further proceedings, in light of this judgment.
Reversed and remanded.
NOTES
[1] Judge Thomas did not participate in oral argument. However, the parties have consented to his participation in the decision.
[2] Recorded at pg. 340 in Deed Book Z37.